UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IRENE TSEPENYUK

                        Plaintiff,

         -against-

FRED ALGER & COMPANY, INC.,

                       Defendant.

-----------------------------------------------------------------X

**18-cv-7092 (GBD) (KHP)**

**<u>INTERIM DISCOVERY ORDER</u>**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      On September 3, 2020, Plaintiff filed a document entitled Letter Motion for Discovery. (*See* ECF No. 66.)  The Court construes this letter motion as a motion for modification of the Court's September 2, 2020 discovery order.  The motion is granted in part.  Plaintiff requests that Defendant be required to respond to three questions posed to Mr. Liebes during his deposition that he could not answer and re-posed in a follow-up letter.  Mr. Liebes was deposed as a fact and 30(b)(6) witness.[1]  To the extent Plaintiff's 30(b)(6) notice included the subject of the questions, then Mr. Liebes should have been prepared to answer the questions. Additionally, these requests were made when discovery was open and prior to the Court's September 2, 2020 order and thus were timely.

      Plaintiff's first request asks Defendant to provide the "names and titles of all employees whose review Joe Spano sat in on."  Mr. Spano, the Controller of Defendant, participated in Plaintiff's performance reviews.  Plaintiff was a Corporate Accountant.  Because Mr. Spano was

---

[1] Plaintiff initially characterized the questions as interrogatories.  The questions, however, are not technically interrogatories.

not Plaintiff's direct supervisor, she questioned his presence during her review in 2016. Plaintiff alleges that her poor review in 2016 after she returned from maternity leave was retaliation. (*See* Compl. ¶¶ 76-81.) The follow-up request to Defendant is actually broader than the questions posed to Mr. Liebes during his deposition when he was asked whether Mr. Spano sat in on two other accounting department employees' reviews. Plaintiff's follow-up request should have been more narrowly tailored. Nevertheless, upon further consideration, the Court directs Defendant to provide, for the period 2014-2016, the names of other Corporate Accountants and Senior Corporate Accountants in whose reviews Mr. Spano sat. This information is relevant within the broad definition of "relevance" under Fed. R. Civ. P. 26 and not burdensome to provide. Additionally, Mr. Liebes should have been prepared to provide this information during his deposition.

Plaintiff next requests the identity of all individuals to occupy the "senior corporate accounting role in the corporate accounting group since May 2016." Defendant has reported that it already supplied this information to Plaintiff. In this Court's view, this request falls within the category of appropriate discovery follow-up on information produced or partially produced. Further, it is not burdensome to supply the names of Senior Corporate Accountants employed since May 2016, and the information is relevant insofar as Plaintiff contends she should have been promoted to Senior Corporate Accountant. (*See* Compl. ¶¶ 32-37). Accordingly, to the extent not already provided, Defendant shall provide the names of all individuals who occupied the Senior Corporate Accountant role since May 2016. Mr. Liebes also should have been able to provide this information during his deposition.

Finally, Plaintiff requests the names and titles of employees who took maternity leave from January 2010 through December 2017 along with five sub-questions pertaining to these employees. Defendant contends that this information was never requested in discovery. The Court does not have sufficient information to rule on this request. By September 18, 2020, Plaintiff shall provide the 30(b)(6) deposition notice of Mr. Liebes and highlight the topic(s) that encompasses this request, as well as any document requests and interrogatories served during discovery specifically addressing this topic.

**SO ORDERED.**

DATED:   September 10, 2020
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge