```
Case 1:18-cv-07092-GBD-KHP   Document 72   Filed 10/05/20   Page 1 of 4
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IRENE TSEPENYUK

                              Plaintiff,                     **18-cv-7092 (GBD) (KHP)**

        -against-                                     **DISCOVERY ORDER**

FRED ALGER & COMPANY, INC.,

                              Defendant.

------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

       The parties in this vigorously litigated pregnancy/gender discrimination case have had many discovery disputes. Discovery was finally coming to an end at the beginning of September. However, on September 3, 2020, Plaintiff filed a document entitled Letter Motion for Discovery and raised three discovery issues in need of resolution, despite the Court's Order closing discovery. (*See* ECF No. 66.) In an Interim Discovery Order dated September 10, 2020, the Court construed that Letter Motion for Discovery as a letter motion to reopen discovery for limited purposes, granted the first two discovery requests, and required Plaintiff to file additional information to enable the Court to rule on the third request. (ECF No. 68.) The parties then filed additional letters regarding the one remaining outstanding discovery issue—the extent to which Defendant must produce additional information about employees outside of Plaintiff's Department who took maternity leave between 2010 and the present and expressed milk at work after returning from leave. (*See* ECF Nos. 69-71.)

       This issue arose in the context of a 30(b)(6) deposition where the deponent was not prepared to provide the scope of information requested. Defendant took the position that this

request was not covered by any of the topics listed in the 30(b)(6) deposition notice and that it had already produced this information regarding the individuals it deemed to be Plaintiff's comparators. After reviewing the deposition notice, it is clear that Plaintiff did not request that the deponent testify about others who took maternity leave expressed milk at work.[1] (See ECF No. 71-1.) Thus, there is no basis to fault Defendant for its witness's inability to provide this information.

Plaintiff did request this information in document requests and interrogatories, but Defendant objected to the scope of the request and produced information about employees in Plaintiff's department only. (*See, e.g.*, ECF No. 70-1 at Interrogatory Nos. 12, 13, and 18.) Plaintiff also sought this information from fact witnesses who should have known the information, but those employees were not (but should have been) prepared to provide it. For example, Mr. Isacco, Defendant's Director of Human Resources during the relevant time period, was unable to even provide an estimate as to the number of women who took leave. (*See* ECF No. 70-4 at Tr. 203:15-22.) Plaintiff should have raised her request for more expansive information about employees who took maternity leave and expressed milk at work during discovery and challenged Defendant's objections to the scope of Plaintiff's written requests through a motion to compel. A Rule 30(b)(6) deposition is not the forum to address this information. However, in light of personal and COVID-related challenges Plaintiff's counsel has had and of which the Court is aware through its close management of this case, the Court will

---

[1] Plaintiff failed to comply with the Court's directive from its Interim Order to file the 30(b)(6) deposition notice for Mr. Liebes, but Defendant later providing the requested document.

nevertheless address Plaintiff's request for this additional information so as to ensure that Plaintiff herself is not prejudiced.

Under Federal Rule of Civil Procedure 26(b)(1) ("Rule 26(b)(1)"), a party may seek any discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information Plaintiff seeks clearly falls within Rule 26's broad definition of relevance. Defendant's argument that the information does not pertain to comparators is something it can argue in a motion or at trial, but it is not a basis to preclude discovery about employees outside of Plaintiff's own Department and position so long as it is also proportional to the needs of this case. *See Humphries v. City Univ. of New York*, No. 13-cv-2641 (PAE), 2013 WL 6196561, at *6-7 (S.D.N.Y. Nov. 26, 2013) ("[T]o establish an inference of discrimination based on a showing of disparate treatment, [a plaintiff] must plead that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."). It may be that a broader group of comparators is appropriate in the context of this case—but that is an issue for another day.

At the moment, Defendant has represented that only Plaintiff and one other Corporate Accountant took maternity leave during the identified period. (ECF No. 70-3 at 2 (Defendant's objections to Request 18).) Defendant has not provided the Court with an estimate of the number of employees who took maternity leave between 2010 and 2017. The crux of Plaintiff's

allegations center on her second pregnancy, which spanned late 2015 to early 2016. (*See* Compl. ¶¶ 40-89) The Court is aware from its experience that most companies have HRIS programs that can provide a list of employees who took FMLA leave/STD leave. In contrast, few companies keep comprehensive records on employees who express milk at work. At best, there could be a reservation list for a lactation room that may or may not encompass all employees who express milk at work because not all employees will utilize the lactation room to express milk. To balance the needs of Plaintiff and the burdens on Defendant, the Court finds that Defendant should produce records from 2012 to 2017 reflecting the following: the job titles of employees who took maternity leave, and for each such employee and, to the extent known, whether the employee expressed milk at work. If Defendant has no records concerning the identity of employees who expressed milk at work, Defendant should so inform Plaintiff. This information must be provided to Plaintiff by October 30, 2020.

**SO ORDERED.**

DATED:   October 5, 2020
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4